IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| VILLAGE TOWNHOMES, <br> d/b/a The Retreat at Foxfield, <br><br> Plaintiff, <br><br> v. <br><br> ALLIED WORLD SURPLUS <br> LINES INS. CO., <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. 23-2369-JAR-KGG <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## SHOW CAUSE ORDER

Defendant Allied World Surplus Lines Insurance Company ("Defendant") filed a Notice of Removal on August 28, 2023, regarding the breach of contract case originally filed by Plaintiff Village Townhomes ("Plaintiff") in the District Court of Johnson County, Kansas.  (Doc. 1.)   In the removal pleadings, Defendant alleges that it is a "foreign insurance company authorized to do business in Kansas – specifically organized under the laws of Arkansas with its principal place of business in New York."  (Doc. 1, at 2.)  Defendant continues that Plaintiff "alleges it is a Kansas non-profit homeowner's association organized and existing under the laws of Kansas and doing business in Kansas. …  Thus, upon information and belief, Plaintiff is considered citizen of Kansas."  (*Id.*)

The Notice of Removal alleges this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 (complete diversity of citizenship).  (*Id.*)  In this instance, however, Defendant has failed to allege facts sufficient to allow the Court to confirm whether diversity of citizenship exists.

To establish diversity jurisdiction, the organizational structure of a business entity determines its citizenship.  For instance, the citizenship of a corporation is both the state or foreign state of

1

incorporation and the state or foreign state where its principal place of business is located. 28 U.S.C. § 1332(c)(1); *Newsome v. Gallacher*, 722 F.3d 1257, 1267 (10th Cir. 2013). Citizenship for unincorporated associations (such as a limited liability company, general partnership, or limited partnership) is determined by the citizenship of each of its members. *Siloam Springs Hotel, LLC v. Century Sur. Co.*, 781 F.3d 1233, 1234 (10th Cir. 2015).

It is the independent obligation of the Court to determine that subject matter jurisdiction is proper and that the court "do[es] not exceed the scope of [its] jurisdiction … ." *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434, 131 S.Ct. 1197, 179 L.Ed.2d 159 (2011). As such, this Court "must raise and decide jurisdictional questions that the parties either overlook or elect not to press." *Id.* (citation omitted). If it becomes apparent that jurisdiction does not exist, the Court, on its own, "must dismiss the cause at any stage of the proceedings … ." *Penteco Corp. Ltd. P'ship v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1521 (10th Cir. 1991); Fed.R.Civ.P. 12(h)(3).

Pursuant to 28 U.S.C.A. §1332(a), federal courts have original jurisdiction over civil actions where the amount in controversy exceeds $75,000 and is between:

> (1) citizens of different States;
>
> (2) citizens of a State and citizens or subjects of a foreign state, except that the district courts shall not have original jurisdiction under this subsection of an action between citizens of a State and citizens or subjects of a foreign state who are lawfully admitted for permanent residence in the United States and are domiciled in the same State;
>
> (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and
>
> (4) a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States.

"Diversity jurisdiction requires complete diversity – no plaintiff may be a citizen of the same state as any defendant." **Grynberg v. Kinder Morgan Energy Partners, L.P.**, 805 F.3d 901, 905 (10th Cir.

2015). Simply stated, diversity is absent when citizens of the same state are on both sides of the case.

As stated above, the Notice of Removal alleges that Plaintiff is a Kansas resident because Plaintiff has alleged it is a Kansas non-profit homeowner's association organized and existing under the laws of Kansas and doing business in Kansas. There is no indication, however, as to the citizenship of each of Plaintiff's members, which is necessary because Plaintiff is an association. ***Siloam Springs Hotel***, 781 F.3d at 1234. Without this information, the Court cannot determine the validity of the claimed diversity.

**IT IS THEREFORE ORDERED** that by **September 12, 2023**, Defendant shall file a status report, with affidavits attached, properly alleging and demonstrating the citizenship of Plaintiff and showing cause why the undersigned Magistrate Judge should not recommend to the District Court that the case be dismissed for lack of jurisdiction.

IT IS SO ORDERED.

Dated this 29th day of August, 2023, at Wichita, Kansas.

/s/ BROOKS G. SEVERSON
Brooks G. Severson
U.S. MAGISTRATE JUDGE