## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| VILLAGE TOWNHOMES, | ) | |
| d/b/a The Retreat at Foxfield, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 23-2369-JAR-KGG |
| | ) | |
| ALLIED WORLD SURPLUS | ) | |
| LINES INS. CO., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM & ORDER DENYING MOTION TO CONDUCT
## LIMITED JURISDICTIONAL DISCOVERY

NOW BEFORE THE COURT is Defendant's "Motion to Conduct Limited Jurisdictional Discovery." (Doc. 6.) Having reviewed the submissions of the parties, and for the reasons stated herein, the Court **DENIES** Defendant's motion.

## FACTUAL BACKGROUND

Plaintiff is a non-profit homeowner's association managing The Retreat at Foxfield, "a community of maintenance-provided townhomes consisting of numerous buildings," 25 of which are the subject of this lawsuit. (Doc. 1-1, at ¶ 4.) Each building consists of three units, with each unit having one or more owners or tenants. (*Id.*)

Defendant is an Arkansas insurance company incorporated with a principal place of business in New York. Plaintiff purchased insurance from Defendant for the property at issue. Plaintiff alleges that during the Policy Period, the property sustained physical damages resulting from a hailstorm ("the loss"). (*Id.* at ¶ 10.) The insurance claim was denied by Defendant, which Plaintiff contends was improper. (*Id.* at ¶¶ 17, 18.)

Plaintiff filed this case in the District Court of Johnson County, Kansas, on June 19, 2023, alleging breach of contract. (*Id.*)  Defendant filed a Notice of Removal in the United States District Court for the District of Kansas on August 28, 2023. (Doc. 1.)  In the removal pleadings, Defendant alleges that it is a "foreign insurance company authorized to do business in Kansas – specifically organized under the laws of Arkansas with its principal place of business in New York." (Doc. 1, at 2.)  Defendant continues that Plaintiff "alleges it is a Kansas non-profit homeowner's association organized and existing under the laws of Kansas and doing business in Kansas. … Thus, upon information and belief, Plaintiff is considered citizen of Kansas." (*Id.*)

The Notice of Removal alleges this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 (complete diversity of citizenship). (*Id.*)  The undersigned Magistrate Judge, however, found that Defendant failed to allege facts sufficient to allow the Court to confirm whether diversity of citizenship exists because there were no allegations as to the citizenship of each of Plaintiff's members, which is necessary because Plaintiff is an association. *Siloam Springs Hotel, LLC v. Century Sur. Co.*, 781 F.3d 1233, 1234 (10th Cir. 2015).  The Court gave Defendant a deadline of September 12, 2023, to file a status report, with affidavits attached, properly alleging and demonstrating the citizenship of Plaintiff and showing cause why the undersigned Magistrate Judge should not recommend to the District Court that the case be dismissed for lack of jurisdiction. (Doc. 4.)

Thereafter, Defendant filed its Motion to Conducted Limited Jurisdictional Discovery in response to the Show Cause Order. (Doc. 6.)  The motion requesting discovery was necessary because the Rule 26(f) conference had not yet occurred.

## ANALYSIS

Because federal courts are courts of limited jurisdiction, "there is a presumption against … jurisdiction … ." *Penteco Corp. P'ship – 1985A v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1521 (10th Cir.

1991).  As the party invoking federal jurisdiction via the removal of this case to federal court, Defendant bears the burden of proof to allege facts sufficient to show subject matter jurisdiction. *Id.*

"The Court has an independent obligation to satisfy itself that subject matter jurisdiction is proper." *Guzman v. Well Health Labs LLC*, No. 22-2229-JWB-RES, 2022 WL 17830765, at *3 (D. Kan. July 22, 2022) (citing *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011)).  If the Court concludes that subject matter jurisdiction does not exist, the court "must dismiss the cause at any stage of the proceedings." *Penteco Corp. P'ship*, 929 F.2d at 1521; *see also* Fed. R. Civ. P. 12(h)(3). As the party seeking expedited discovery, Defendant has the burden to show good cause.  *See generally Guzman*, 2022 WL 17830765.

"District courts are endowed with broad discretion over discovery, including whether to grant discovery requests with respect to jurisdictional issues." *Dental Dynamics, LLC v. Jolly Dental Grp., LLC*, 946 F.3d 1223, 1233 (10th Cir. 2020) (internal quotations and citations omitted); *see also Gwilt v. Harvard Square Ret. & Assisted Living*, 537 F. Supp. 3d 1231, 1250 (D. Colo. 2021) ("A district court has the authority to permit discovery in order for a party to prove diversity jurisdiction, yet such discovery is discretionary.").  A court denying a jurisdictional discovery request may be an abuse of discretion where the party seeking discovery is prejudiced by the denial.  *Dental Dynamics*, 946 F.3d at 1233 (citing *Dutcher v. Matheson*, 840 F.3d 1183, 1195 (10th Cir. 2016) and *Sizova v. Nat'l Inst. of Standards & Tech.*, 282 F.3d 1320, 1326 (10th Cir. 2002)).  Defendant, as the party seeking discovery, bears the burden of showing prejudice. *See Breakthrough Mgmt. Grp., Inc. v. Chukchansi Gold Casino and Resort*, 629 F.3d 1173, 1189 n.11 (10th Cir. 2010).  The Court notes that Defendant does not discuss the issue of prejudice in its briefing.

Defendant does, however, argue that good cause exists for the discovery, which would consist of a single interrogatory "aimed at determining the identity and citizenship of Plaintiff's members." (*Id.*, at 3.) According to Defendant,

> [t]he only information in Allied World's possession with regard to Plaintiff's membership is a copy of the association's initial 'Declarations' from 2002 which indicate Plaintiff's sole member and managing member was Woodstone, Inc.' Kansas Secretary of State records indicate that Woodstone, Inc. was organized in Kansas in 1990 but forfeited its status effective July 15, 2014.
>     … Allied World suspects the membership of Plaintiff has changed since 2002 and seeks to propound very limited discovery to Plaintiff to ascertain its current membership for purposes of diversity jurisdiction, per the Court's Order to Show Cause.

(*Id.*, at 2-3.)

Plaintiff opposes Defendant's motion, arguing that in a recent decision from this District, such a request for discovery "'is tantamount to an admission that the defendants do not have a factual basis for believing that jurisdiction exists.'" (Doc. 11, at 3 (citing *Guzman*, 2022 WL 17830765, at *3). Plaintiff continues that Defendant's Motion

> is an admission it does not know if this Court has jurisdiction, and, post-removal, improperly seeks to shift its burden of establishing jurisdiction onto Plaintiff. Defendant's post-removal attempt to discover if diversity jurisdiction exists is contrary to Kansas law and public policy. Further, Defendant violated Local Rule 37.2 by filing its discovery motion without first conferring with Plaintiff's counsel. Because Defendant has failed to properly invoke federal jurisdiction and essentially conceded it does not know if federal jurisdiction even exists, this Court lacks jurisdiction to compel discovery, should deny Defendant's wrongly filed motion, and remand this matter to State Court.

(*Id.*)

The facts in *Guzman* are somewhat different than the present matter. Therein, the plaintiff was seeking expedited jurisdictional discovery having filed his Complaint in federal court. *Guzman*, 2022 WL 17830765. In the present matter, Defendant is seeking the requested discovery, having removed the case to federal court, as discussed above. That stated, *Guzman* is analogous because the

plaintiff therein and the Defendant herein were both seeking limited, expedited discovery on the issue of jurisdiction in response to a Show Cause Order regarding diversity jurisdiction.  The Show Cause Orders in both cases instructed that, absent sufficient allegations, the Magistrate Judge would recommend to the District Court that the case be dismissed for lack of subject matter jurisdiction because the initial filings in the cases (the Complaint in *Guzman* and the removal herein) did not plead sufficient facts to establish diversity jurisdiction.  (2022 WL 17830765, at *1; Doc. 4, at 3.)

Interestingly, *Guzman* relied on *Lowery v. Alabama Power Co.*, 483 F.3d 1184 (11th Cir. 2007), an Eleventh Circuit case in which the defendant, as here, was seeking jurisdictional discovery to support removal to federal court.  The *Lowery* Court held that

> [t]he **defendants' request for discovery is tantamount to an admission that the defendants do not have a factual basis for believing that jurisdiction exists.  The natural consequence of such an admission is remand to state court**.
> Post-removal discovery **disrupts the careful assignment of burdens** and the delicate balance struck by the underlying rules.  A district court should not insert itself into the fray by granting leave for the defendant to conduct discovery or by engaging in its own discovery.   Doing so **impermissibly lightens the defendant's burden of establishing jurisdiction**.  A court should not participate in a one-sided subversion of the rules.  The proper course is remand.

*Lowery*, 483 F.3d at 1217-18 (emphasis added). The Eleventh Circuit held that "'[s]uch fishing expeditions would clog the federal judicial machinery, frustrating the limited nature of federal jurisdiction by encouraging defendants to remove, at best, prematurely, and at worst, in cases in which they will never be able to establish jurisdiction.'"  *Guzman*, 2022 WL 17830765 at *3 (quoting with approval *Lowery*, 483 F.3d at 1217).  Stated another way, "[b]ecause the face of [the initial case filing] fails to allege complete diversity, the Court has no additional jurisdiction over this action and cannot order discovery in a case in which it has determined that it lacks subject matter jurisdiction."  *Guzman*, 2022 WL 17830765 at *3 (citing *Stoll v. Gottlieb*, 305 U.S. 165, 171, 59 S.Ct. 134, 137, 83

L.Ed. 104 (1938); *see also Cunningham v. BHP Petroleum Great Britain PLC*, 427 F.3d 1238, 1245 (10th Cir. 2005).

Plaintiff argues that "Defendant's attempt to utilize jurisdictional discovery as a means to rectify its own deficient jurisdictional allegations is an improper and abusive use of the discovery process. Jurisdictional discovery is meant to be a tool for parties with a legitimate basis for federal jurisdiction to gather necessary information, not a remedy for jurisdictional shortcomings." (Doc. 11, at 8.) Based on the caselaw discussed herein, the Court agrees. *See Guzman*, 2022 WL 17830765, at *2 (denying a request for discovery wherein "Plaintiff asks the Court to order expedited discovery to help Plaintiff meet his threshold burden of establishing that the Court has subject matter jurisdiction over this action."); *LS Carlson L., PC v. Shain*, No. 22- 2070-JWL, 2022 WL 1471368, at *2–*3 (D. Kan. May 10, 2022) ("This Court will not, in its discretion, allow the invoking party to utilize the Court's power to order discovery as a tool to fish for that solid factual basis."). Defendant's motion is, therefore, **DENIED**.

The undersigned Magistrate Judge will submit a Report & Recommendation to the District Judge recommending the case be remanded to state court given Defendant's inability to provide the necessary information in response to the Show Cause Order (Doc. 4) regarding diversity jurisdiction.

IT IS SO ORDERED.

Dated this 26th day of September, 2023, at Wichita, Kansas.

/s/Brooks G. Severson
Brooks G. Severson
U.S. MAGISTRATE JUDGE