IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| VILLAGE TOWNHOMES, <br> d/b/a The Retreat at Foxfield, <br><br> Plaintiff, <br><br> v. <br><br> ALLIED WORLD SURPLUS <br> LINES INS. CO., <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> )   Case No. 23-2369-JAR-BGS <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## REPORT & RECOMMENDATION FOR REMAND

Defendant Allied World Surplus Lines Insurance Company ("Defendant") filed a Notice of Removal on August 28, 2023, regarding the breach of contract case originally filed by Plaintiff Village Townhomes ("Plaintiff") in the District Court of Johnson County, Kansas. (Doc. 1.) In the removal pleadings, Defendant alleges that it is a "foreign insurance company authorized to do business in Kansas – specifically organized under the laws of Arkansas with its principal place of business in New York." (Doc. 1, at 2.) Defendant continues that Plaintiff "alleges it is a Kansas non-profit homeowner's association organized and existing under the laws of Kansas and doing business in Kansas. … Thus, upon information and belief, Plaintiff is considered citizen of Kansas." (*Id.*) The Removal alleges this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 (complete diversity of citizenship). (*Id.*)

The undersigned Magistrate Judge found, however, that Defendant failed to allege facts sufficient to allow the Court to confirm whether diversity of citizenship exists because there is no indication as to the citizenship of each of Plaintiff's members. This information is necessary because Plaintiff is an association. *Siloam Springs Hotel, LLC v. Century Sur. Co.*, 781 F.3d 1233, 1234

1

(10th Cir. 2015). Without this information, the Court cannot determine the validity of the claimed diversity.

As a result, the undersigned issued a Show Cause Order on August 29, 2023, giving Defendant a deadline of September 12, 2023, to file a status report, with affidavits attached, properly alleging and demonstrating the citizenship of Plaintiff and showing cause why the undersigned Magistrate Judge should not recommend to the District Court that the case be dismissed for lack of jurisdiction. (Doc. 4.) Rather than respond to the Show Cause Order, Defendant filed its Motion to Conducted Limited Jurisdictional Discovery in response to the Show Cause Order. (Doc. 6.) The motion requesting discovery was necessary because the parties' Rule 26(f) conference had not yet occurred. Plaintiff filed a response opposing the motion.

The undersigned denied Defendant's motion, agreeing with Plaintiff that, "'Defendant's attempt to utilize jurisdictional discovery as a means to rectify its own deficient jurisdictional allegations is an improper and abusive use of the discovery process. Jurisdictional discovery is meant to be a tool for parties with a legitimate basis for federal jurisdiction to gather necessary information, not a remedy for jurisdictional shortcomings.'" (Doc. 12, at 6 (quoting Doc. 11, at 8).) *See Guzman*, 2022 WL 17830765, at *2 (denying a request for discovery wherein "Plaintiff asks the Court to order expedited discovery to help Plaintiff meet his threshold burden of establishing that the Court has subject matter jurisdiction over this action."); *LS Carlson L., PC v. Shain*, No. 22- 2070-JWL, 2022 WL 1471368, at *2–*3 (D. Kan. May 10, 2022) ("This Court will not, in its discretion, allow the invoking party to utilize the Court's power to order discovery as a tool to fish for that solid factual basis."). The Court then instructed the parties it would submit this Report & Recommendation to the District Judge recommending the case be remanded to state court given Defendant's inability to provide the necessary information in response to the Show Cause Order regarding diversity jurisdiction.

**IT IS THEREFORE RECOMMENDED** to the District Court that this case be **REMANDED to state court** for failure to establish the existence of diversity jurisdiction.

**IT IS ORDERED** that pursuant to 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72, and D. Kan. Rule 72.1.4, Defendant shall have fourteen (14) days after service of a copy of these proposed findings and recommendations to serve and file with the U.S. District Judge assigned to the case, any written objections to the findings of fact, conclusions of law, or recommendations of the undersigned Magistrate Judge.  Defendant's failure to file such written, specific objections within the 14-day period will bar appellate review of the proposed findings of fact, conclusions of law, and the recommended disposition.

**IT IS SO RECOMMENDED and ORDERED**.

Dated this 26th day of August, 2023, at Wichita, Kansas.

/s/Brooks G. Severson
Brooks G. Severson
U.S. MAGISTRATE JUDGE